**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| DAVID RIEHM and COLLEEN RIEHM, | Civil No. 06-293 (JRT/RLE) |
| Plaintiffs, | |
| v. | **ORDER** |
| JOHN ENGELKING, *et al.*, | |
| Defendants. | |

Peter J. Nickitas, **PETER J. NICKITAS LAW OFFICE, LLC**, 431 South Seventh Street, Suite 2446, Minneapolis, MN 55415, for plaintiffs.

Tim A. Strom, **HANFT FRIDE PA**, 130 West Superior Street, Suite 1000, Duluth, MN 55802-2094, for defendants John Engelking, Ann Mershon, and Independent School District Number 166.

Susan M. Tindal and Jon K. Iverson, **IVERSON REUVERS, LLC**, 9321 Ensign Avenue South, Bloomington, MN 55438, for defendants Steven Diercks, Ann DeBevec, Deputy Joseph Zallar, Officer Christopher Thostenson, and Cook County.

Defendants filed motions to stay discovery, and United States Magistrate Judge Raymond L. Erickson heard oral argument on the motions on May 25, 2006. In an order dated June 12, 2006, the Magistrate Judge granted the motions. Plaintiffs David and Colleen Riehm timely filed an appeal from the Magistrate Judge's order. For the following reasons, this Court affirms the order.

## BACKGROUND

In this action, plaintiffs allege multiple violations of federal and state law in connection with the protective hold placed on plaintiff David Riehm. Riehm was a student in Ann Mershon's creative writing class at Cook County High School. Riehm authored a work in which the protagonist was directed by God to kill his teacher, and which concluded in a violent confrontation that resulted in the shooting of the teacher. Mershon wrote to the school's principal and expressed concern for her safety. The principal contacted the Cook County Sheriff's Department, and the matter was referred to the County Attorney and Social Services. Social Services recommended that Riehm be placed and evaluated at the Miller Dawn Hospital, and a Judge granted an Order for Emergency Placement for a Psychological Evaluation. On January 25, 2005, law enforcement officials placed Riehm in protective custody and transported him to Miller Dawn Hospital. Riehm was later transferred to St. Luke's Hospital, where he underwent psychiatric evaluation. He was released three days later.

On January 20, 2006, plaintiffs filed a complaint, which alleges violations of the Americans with Disabilities Act and the Minnesota Human Rights Act, in addition to various torts and constitutional violations. Defendants have raised defenses of qualified and official immunity in motions to dismiss and a motion for summary judgment.[1] *See*

---

[1] On June 23, 2006, this Court granted plaintiffs' motion to continue defendants' dispositive motions, so that the Magistrate Judge could first rule on plaintiffs' pending motions prior to this Court hearing defendants' dispositive motions. *See* Docket No. 73. On June 30, 2006, the Magistrate Judge granted in part plaintiffs' motions to join additional parties, and to amend the complaint. *See* Docket No. 78. Plaintiffs thereby filed an amended complaint on July 24, 2006. *See* Docket No. 86.

Docket Nos. 47 & 51.  Plaintiffs have also filed a motion for partial summary judgment. *See* Docket No. 79.

Currently before the Court is plaintiffs' appeal of the Magistrate Judge order dated June 12, 2006.  In this Order, the Magistrate Judge granted defendants' motions to stay discovery.

## ANALYSIS

### I.   Standard Of Review

"The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential."  *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  This Court will reverse such an order only if it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a).

### II.  Appeal Of Magistrate Judge Order On Motions To Stay Discovery

Defendants have raised the defenses of qualified and official immunity in their dispositive motions, and seek to stay discovery until the threshold immunity issues have been resolved.  Under Rule 26(c), a Protective Order should be granted when the moving party establishes "good cause" for the Order, and "justice requires [a Protective Order] to protect a party or person from annoyance . . . or undue burden or expense."  Fed. R. Civ. P. 26(c).

The Magistrate Judge concluded that a stay of discovery would result in little, if any, harm to the parties, and that any harm would be substantially outweighed by the potential that resolution of the pending dispositive motions would obviate the need for

any additional discovery. Discovery tailored to the question of defendants' qualified immunity was excluded from the stay.

In their appeal, plaintiffs argue that the Magistrate Judge's Order fails to consider that some of plaintiffs' claims could not be affected by the defenses of qualified and official immunity. Plaintiffs also argue that discovery is needed to address "internal, factual contradictions" in defendants' responses to discovery demands. Finally, plaintiffs argue that discovery is needed to address claims against defendant Christopher Thostenson, who was joined pursuant to the Magistrate Judge Order dated June 30, 2006.

The Court cannot conclude that the Magistrate Judge's Order is clearly erroneous. It is likely that the Court's ruling on the dispositive motions will narrow the issues in this case and obviate the need for some discovery. The Court concludes that this establishes good cause for the stay. Moreover, even if the dispositive motions do not entirely dispose of the case, plaintiffs have not articulated any harm that will come from staying discovery until after the Court considers the dispositive motions. Accordingly, the Court denies plaintiffs' appeal of the Magistrate Judge Order dated June 12, 2006.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that the Magistrate Judge's June 12, 2006 Order [Docket No. 64] is **AFFIRMED.**

DATED:   July 25, 2006                               s/ John R. Tunheim           _
at Minneapolis, Minnesota.                           JOHN R. TUNHEIM
                                                     United States District Judge