# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

DAVID RIEHM and COLLEEN RIEHM,

                              Plaintiffs,

v.

JOHN ENGELKING, ANN MERSHON,
INDEPENDENT SCHOOL DISTRICT
NUMBER 166, STEVEN DIERCKS,
ANN DEBEVEC, DEPUTY JOSEPH
ZALLAR, COOK COUNTY and
CHRISTOPHER THOSTENSON,

                              Defendants.

Civil No. 06-293 (JRT/RLE)

**MEMORANDUM OPINION
AND ORDER**

---

Peter J. Nickitas, **PETER J. NICKITAS LAW OFFICE, LLC**, 431 South Seventh Street, Suite 2446, Minneapolis, MN 55415, for plaintiffs.

Tim A. Strom, **HANFT FRIDE PA**, 130 West Superior Street, Suite 1000, Duluth, MN 55802-2094, for defendants John Engelking, Ann Mershon, and Independent School District Number 166.

Jon K. Iverson, **IVERSON REUVERS, LLC**, 9321 Ensign Avenue South, Bloomington, MN 55438, for defendants Steven Diercks, Ann DeBevec, Joseph Zallar, and Cook County.

W. Karl Hansen, Assistant Attorney General, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Street, St. Paul, MN 55101, for defendant Christopher Thostenson.

Plaintiffs Colleen and David Riehm allege multiple violations of federal and state law in connection with the protective hold and school suspension of David Riehm. Defendants include John Engelking, Ann Mershon, and Independent School District No. 166 (collectively "school defendants"); Steven Diercks, Ann DeBevec, Joseph Zallar, and

Cook County (collectively "Cook County defendants"); and Christopher Thostenson. This matter is before the Court on defendants' various dispositive motions and plaintiffs' motions for partial summary judgment. For the reasons discussed below, the Court grants defendants' motions and denies plaintiffs' motions.

## BACKGROUND

David Riehm was a student in defendant Ann Mershon's creative writing class at Cook County High School. The first essay authored by David Riehm contained sexually explicit material and the second was essentially a dialogue between a student and his creative writing teacher. Mershon criticized both essays. David Riehm proceeded to author a third work, entitled "Bowling for Ms. Cuntcheson," in which the protagonist was directed by God to kill his teacher, and which concluded in a violent confrontation that resulted in the shooting of the teacher. David Riehm turned in the third piece in October 2004, but Mershon did not read it until late January 2005. Mershon wrote to the school's principal, defendant John Engelking, about David Riehm's latest piece, and expressed concern for her safety and for David Riehm. Engelking suspended David Riehm, and contacted the Cook County Sheriff's Department. The matter was referred to the County Attorney and Cook County Department of Public Health and Human Services.

On January 25, 2005, defendant Steven Diercks of the Cook County Department of Public Health and Human Services recommended that David Riehm be placed in protective custody and evaluated at the children's psychiatric facility at Miller Dwan Hospital in Duluth, Minnesota. Diercks prepared an ex parte CHIPS ("Child in Need of

Protective Services") petition for emergency protective care with the authorization of his supervisor, defendant Ann DeBevec.  Later that day, a state judge granted an Order for Emergency Placement for a Psychological Evaluation.  The judge also ordered that an emergency protective care hearing would be held on January 28, 2005.

Later in the day on January 25, 2005, defendant Cook County Deputy Sheriff Joseph Zallar requested that defendant Minnesota State Patrol Officer Christopher Thostenson accompany him while he executed the order for emergency protective care. At 8:15 p.m. on January 25, 2005, Diercks, Zallar, and Thostenson arrived to seize David Riehm from the home he shared with his mother, plaintiff Colleen Riehm.  After arriving at plaintiffs' residence, Thostenson waited on the highway while Zallar and Diercks went inside.  After a few minutes, Zallar radioed Thostenson for assistance.  Thostenson observed Colleen Riehm distraught, yelling, and crying.  Plaintiffs allege that David Riehm went with the officers peacefully, and that Colleen Riehm was alarmed, but not violent, at the seizure of her son.  She was previously disabled from work and wore a conspicuous neck brace.  She alleges that Thostenson knocked her down without warning or cause.

David Riehm spent his first night of the protective hold at the adult psychiatric facility at St. Luke's Hospital of Duluth because the children's facility at Miller Dwan was full.   Gold Cross Ambulance transferred David Riehm to Miller Dwan on January 26, 2005.  Colleen Riehm refused to consent to any of the medical care David Riehm received and further refused to consent to the release of David Riehm's health information for insurance billing purposes.

David Riehm saw a psychiatrist on the morning of January 27, 2005. The psychiatrist concluded that David Riehm had adjustment disorder but was not mentally ill and not dangerous. The psychiatrist recommended his immediate release. Based on the evaluation, the Assistant Cook County Attorney recommended that the CHIPS petition be dismissed.

Classmates of David Riehm contacted the local media about the situation. After David Riehm returned to school, plaintiffs allege that Engelking "communicated a spoken threat to David if David should ever discuss the case with representatives of the media." (Am. Compl. ¶ 214.) Riehm alleges that the "threat" scared him "so as not to seek legal assistance to address the matter of his seizure and placement in the psychiatric ward" until after he graduated. (Am. Compl. ¶¶ 216, 218.)

Shortly after David Riehm's release, Colleen Riehm received bills from Miller Dawn Hospital, St. Luke's Hospital, Gold Cross Ambulance, and St. Mary's/Duluth Clinic. The bills totaled $5,863.06. On or about March 15, 2005, Colleen Riehm received a letter from defendant Ann DeBevec. The letter states, "'If a client has health insurance, the medical facility must bill insurance and accept as payment in full.' This means you are not responsible for the co-pay or the rate reduction balance." (Pls.' Mem. of Law in Support of Mot. for Partial Summ. J. at 6.) On or about March 23, 2005, Colleen Riehm received a letter from Miller Dwan, signed by Mary Fisher, Director of Business Services. Fischer stated that Cook County "would consider" paying the bill after it was submitted to Colleen Riehm's insurance. (*Id.*) Colleen Riehm received

subsequent bills for the medical services, and then received multiple letters and calls from bill collectors.

Plaintiffs allege that Colleen Riehm suffered anxiety attacks and an apparent heart attack after David Riehm's seizure and psychiatric confinement.  She testifies that her doctor attributed the attacks in part to the events of January 25, 2005.

In November 2006, Colleen Riehm applied for a consolidation loan to pay all her outstanding loans at a lower interest rate.  Her application was rejected because of her credit report and utilization of credit.  Colleen Riehm obtained her credit report on or about December 27, 2006.  The report revealed a negative credit inquiry from Certified Recovery, Miller Dwan's debt collector.  Colleen Riehm offers evidence that she would have saved $11,221 in interest over five years if she had obtained the consolidation loan.  Colleen Riehm has also produced evidence that some of the medical bills from David Riehm's seizure remain unpaid.

David Riehm filed this lawsuit on January 20, 2006.  The school defendants filed a motion to dismiss and for summary judgment [Docket No. 47] on May 30, 2006.  The Cook County defendants filed a motion to dismiss [Docket No. 51] on June 2, 2006.  Plaintiffs filed a motion for partial summary judgment as to liability against Cook County and Anne DeBevec [Docket No. 79] on July 10, 2006.  On July 24, 2006, plaintiffs filed an amended complaint, which added as parties Colleen Riehm and Christopher Thostenson.  The school defendants filed a motion to dismiss the amended complaint [Docket No. 92] on September 21, 2006.  Christopher Thostenson filed a motion to dismiss or in the alternative, for summary judgment [Docket No. 96] on September 22,

2006. The school defendants filed a motion to dismiss the amended complaint [Docket No. 102] on September 22, 2006. Colleen Riehm filed a motion for partial summary judgment [Docket No. 105] on September 22, 2006. The Cook County defendants filed a motion to dismiss the amended complaint [Docket No. 112] on September 22, 2006.

## ANALYSIS

### I.     STANDARDS OF REVIEW

#### A.     Summary Judgment

Summary judgment is appropriate in the absence of any genuine issue of material fact and when the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A court considering a motion for summary judgment must view the facts in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences that can be drawn from the facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

#### B.     Motion To Dismiss

In reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true, and construes the pleadings in a light most favorable to plaintiff, as the non-moving party. *See, e.g., Bhd. of Maint. of Way Employees. v. Burlington N. Santa Fe R.R.*, 270 F.3d 637, 638 (8th Cir. 2001). A motion

to dismiss a complaint should not be granted unless it appears beyond a doubt that plaintiff can prove no set of facts that would entitle plaintiff to relief. *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994).

## II.   COLLEEN   RIEHM'S   MOTIONS   FOR   PARTIAL   SUMMARY JUDGMENT

Colleen Riehm argues that defendants Cook County and Ann DeBevec violated her rights to substantive due process and equal protection when the County billed her for the medical costs from David Riehm's time spent in protective custody.   In essence, Colleen Riehm argues that Cook County and Ann DeBevec violated Minnesota Statute § 260C.188, and that violation of this statute amounts to violations of her rights to substantive due process and equal protection.

Minnesota Statute § 260C.188, subd. 1, provides:

If a child is . . . detained in a local juvenile secure detention facility or a shelter care facility, the child's county of residence shall pay the costs of medical services provided to the child during the period of time the child is residing in the facility.

While the statute requires the county to pay the medical costs, the statute also provides that the county is "entitled to reimbursement from the child or the child's family for payment of medical bills to the extent that the child or the child's family has the ability to pay for the medical services." *Id.*  The statute further provides that the county has "a right of subrogation to be reimbursed by the insurance carrier or health plan . . . ." *Id.* The statute also imposes a duty on the child's family to provide "the name of the carrier or administrator and other information and authorizations necessary for the official

having custody over the child to obtain specific information about [insurance] coverage."
Minn. Stat. § 260C.188, subd. 2.

Cook County and Ann DeBevec sought payment of the medical bills directly from
Colleen Riehm, rather than first paying the bills and then seeking reimbursement by the
insurance carrier, as the statute requires.   Moreover, Colleen Riehm has submitted
evidence that Cook County has still failed to pay these medical bills in full.   Colleen
Riehm's failure to provide her insurance information cannot excuse Cook County from
paying the medical bills.   The statute mandates that Cook County first pay the bills and
then seek reimbursement from insurance.   While the Court recognizes that there is no
independent cause of action for violations of Minnesota Statute § 260C.188, Cook
County should pay the medical bills in full and immediately.

Although the Court concludes that Cook County and Ann DeBevec did not
comply with Minnesota Statute § 260C.188, this does not amount to violations of Colleen
Riehm's rights to substantive due process and equal protection.   *See Myers v. Becker
County*, 833 F. Supp. 1424, 1431 (D. Minn. 1993) ("A violation of state law, without
more, does not state a claim under the federal Constitution or section 1983.").   As for the
substantive due process claim, Colleen Riehm must show that "the officials acted in an
arbitrary or capricious manner, or so as to shock the conscience." *Herts v. Smith*, 345
F.3d 581, 587 (8th Cir. 2003).   The Court cannot conclude that the decision of Cook
County and Ann DeBevec to seek payment from Colleen Riehm meets this high standard,
especially considering that Colleen Riehm refused to provide her health insurance
information.

To state an equal protection claim, Colleen Riehm must establish she was treated differently from others similarly situated. *See Johnson v. City of Minneapolis*, 152 F.3d 859, 862 (8th Cir. 1998). Colleen Riehm argues that because Cook County first sought payment of the medical bills from her in violation of Minnesota Statute § 260C.188, she was treated differently than similarly situated persons in Minnesota, who receive the benefit of a county's compliance with the statute. The Court disagrees. Colleen Riehm provides no evidence that other persons who had their bills paid by the counties were similarly situated to her. Indeed, Colleen Riehm failed to provide her insurance information, which likely distinguishes her situation from other persons.

Because the Court concludes that Cook County and Ann DeBevec did not violate Colleen Riehm's rights to substantive due process and equal protection, the Court denies her motions for partial summary judgment. The Court further grants the dispositive motions of Cook County and Ann DeBevec on these claims.

## III.   DEFENDANTS' DISPOSITIVE MOTIONS

Plaintiffs allege multiple violations of federal and state law against the school defendants, Cook County defendants, and Thostenson. Defendants move to dismiss or move for summary judgment on each of plaintiffs' claims.

### A.   Free Speech Claims

David Riehm argues that his suspension by the school defendants violated his right to free speech under the First Amendment. The actions of the school defendants violate the First Amendment if the actions have no valid educational purpose. *See Hazelwood*

*Sch. Dist. v. Kulmeier*, 484 U.S. 260, 273 (1988).  The school defendants suspended David Riehm in response to what they reasonably perceived to be a threat to a teacher.  Given the rise in school violence over the last decade, it is appropriate for school authorities to take seriously threats against teachers in any form.  There is a valid educational purpose in maintaining a safe classroom environment, and in disciplining students who threaten the safety of the classroom.

David Riehm also argues that Engelking violated his rights under the First Amendment when he conditioned his return to school on an apology to his teacher.  David Riehm also alleges that Engelking told him it would be in his best interests not to talk to the media, and David Riehm argues that this comment also violated David Riehm's rights under the First Amendment.  The Court finds no constitutional violation for merely asking a student to apologize for behavior leading to that student's suspension or for advising the student not to talk to the media.

David Riehm further argues that the standards for his creative writing class were unconstitutionally vague.  The Court disagrees.  The school handbook prohibits threats, and was sufficient to give David Riehm notice that his article was inappropriate.  *See Bethel Sch. Dist. No. 403 v. Fraser*, 478 U.S. 675, 686 (1986) (explaining that school rules do not need to be as detailed as a criminal code because they need to anticipate a wide range of behavior disruptive of the educational process).  In addition, there is no merit to David Riehm's argument that his article was subjected to viewpoint discrimination.

David Riehm also asserts a First Amendment claim against the Cook County defendants, but David Riehm does not brief the claim and the Court cannot discern any basis for it.

Accordingly, the Court grants the motions of the school defendants and the Cook County defendants with respect to the First Amendment claims.

### B.      Unreasonable Seizure Claims

David Riehm alleges that the CHIPS petition was facially defective and therefore the Cook County defendants unreasonably seized him in violation of the Fourth Amendment.   Among other things, David Riehm alleges that the petition did not articulate why emergency placement at Miller Dwan was the least restrictive means of detaining him, as required by Minnesota law.  *See* Minn. Stat. § 260C.181, subd. 2 ("The placing officer shall comply with this section and shall document why a less restrictive setting will or will not be in the best interests of the child for placement purposes.").  The state judge issued an order for protective custody based on the petition, and it is not the role of this Court to oversee the propriety of the state judge's decision to issue the order. *See Dornheim v. Sholes*, 430 F.3d 919, 923 (8th Cir. 2005) (dismissing the federal action for lack of jurisdiction under the Rooker/Feldman doctrine to the extent that the claims were inextricably intertwined with the state court custody).  The Cook County defendants cannot be faulted for acting upon this order from a state court judge.

David Riehm further argues that he should have been released immediately upon the psychiatric evaluation.  However, the Cook County defendants properly kept him in

custody until the state court held a hearing regarding his release. *See* Minn. Stat. § 253B.05, subd. 3(b) ("During the 72-hour hold period, a court may not release a person held under this section unless the court has received a written petition for release and held a summary hearing regarding the release.").

David Riehm argues that Engelking and Mershon also violated David Riehm's Fourth Amendment right against unreasonable seizures. The school defendants contacted the sheriff's department, discussed the incident, and Mershon gave a statement. As explained above, the seizure of David Riehm by the Cook County defendants was not unreasonable, so it follows that no constitutional violation can arise from the small role played by the school defendants.

The Court grants the motions of the school defendants and the Cook County defendants with respect to the unreasonable seizure claims.

### C.      Familial Association Claims

Plaintiffs claim that Mershon and Engelking and the Cook County defendants violated their rights to familial association. *See King v. Olmsted County*, 117 F.3d 1065, 1067 (8th Cir. 1997) ("We have recognized a right to familial relations, which includes the liberty interest of parents in the custody, care, and management of their children."). Neither the United States Supreme Court nor the Eighth Circuit has clearly held that wrongful prosecution and incarceration of a family member violates a right to familial association. *Reasonover v. St. Louis County*, 447 F.3d 569, 585 (8th Cir. 2006). Confinement for several days in a psychiatric ward is less of a deprivation than a

wrongful incarceration.  Moreover, plaintiffs have not alleged that Colleen Riehm could not visit her son in the hospital.  The Court cannot conclude that plaintiffs' rights to familial association were violated, and therefore grants the motions of the school defendants and Cook County defendants.

### D.      Substantive Due Process Claims

David Riehm argues that the school defendants violated his substantive due process rights by suspending him.  As discussed above, to determine whether an individual's substantive due process rights have been violated the court asks "whether the officials acted in an arbitrary or capricious manner, or so as to shock the conscience." *Herts*, 345 F.3d at 587.  The school defendants suspended a student for writing an article that the school reasonably perceived as a threat to a teacher.  The suspension was aimed at maintaining a safe school environment and certainly does not amount to behavior that shocks the conscience.  The Court grants the school defendants' motion on the substantive due process claim.  As noted above, the Court also grants the Cook County defendants' motions to dismiss Colleen Riehm's substantive due process claims.

### E.      Procedural Due Process Claims

In the Amended Complaint David Riehm alleges that the school defendants suspended him with "no informal administrative conference" prior to or at the time of his suspension.  (Am. Compl. ¶ 56.)  "[D]ue process requires, in connection with a suspension of 10 days or less, that the student be given oral or written notice of the charges against him and, if he denies them, an explanation of the evidence the authorities

have and an opportunity to present his side of the story." *Goss v. Lopez*, 419 U.S. 565, 581 (1975). In his affidavit, David Riehm states that he met with Engelking for less than 10 minutes, and Engelking asked him what he was thinking. This short conference satisfies due process. *See id.* at 584 (explaining that an "informal give-and-take between student and disciplinarian" is sufficient).

David Riehm also claims that the school defendants suspended him in violation of the Pupil Fair Dismissal Act. Minn. Stat. §§ 121A.40-.56. This statute does not authorize a private cause of action for damages. *Achman v. Chisago Lakes Indep. Sch. Dist. No. 2144*, 45 F. Supp. 2d 664, 670 (D. Minn. 1999). At oral argument, plaintiffs' counsel indicated that David Riehm seeks relief in the form of damages on this claim. As such, the claim has no merit. The Court therefore grants the motions of the school defendants on these claims.

### F.   Americans With Disabilities Act, Minnesota Human Rights Act, And Minnesota Patient Bill Of Rights Claims

The Amended Complaint alleges that the school defendants and Cook County defendants "violated David Riehm's right to be free from being falsely regarded as a mentally ill individual requiring emergency seizure and detention" in violation of the Americans With Disabilities Act, the Minnesota Human Rights Act, and the Minnesota Patient Bill of Rights. (Am. Compl. ¶¶ 223.) These claims are baseless and must be dismissed. As such, the Court grants the motions of the school defendants and Cook County defendants on these claims.

### G.  Minnesota Common Law Abuse of Legal Process Claims

David Riehm argues that Engelking, Mershon, Diercks, and DeBevec abused the legal process to retaliate against him for his essay. "The essential elements for a cause of action for abuse of process are the existence of an ulterior purpose and the act of using the process to accomplish a result not within the scope of the proceedings in which it was issued, whether such result might otherwise be lawfully obtained or not." *Kellar v. VonHoltum*, 568 N.W.2d 186, 192 (Minn. Ct. App. 1997). David Riehm's allegations are insufficient to show an "ulterior purpose" for the actions of the Cook County defendants in seeking emergency placement of David Riehm. The essay of David Riehm provided a sufficient basis for the Cook County defendants to reasonably conclude that David Riehm might pose a threat to himself and others and to seek a court order for emergency placement. The minor role played by the school defendants in this process similarly does not form the basis of a claim for abuse of legal process. The Court therefore grants the motions of the school defendants and Cook County defendants on David Riehm's claims of abuse of legal process.

### H.  Minnesota Common Law False Imprisonment And Negligent Confinement Claims

David Riehm argues that Engelking, Mershon, Diercks, DeBevec, Zallar, and Thostenson violated his right to be free from false imprisonment and negligent confinement. The seizure and confinement of David Riehm cannot constitute false imprisonment or negligent confinement because it was pursuant to court order. *See Kleidon v. Glascock*, 10 N.W.2d 394, 397 (1943) (noting that false imprisonment is any

imprisonment that is not legally justifiable).  The Court therefore grants the motions of these defendants on these claims.

### I.        Minnesota State Constitution Claims

Unlike 42 U.S.C. § 1983, Minnesota has no statutory scheme providing for private actions based on violations of the Minnesota constitution.  *Guite v. Wright*, 976 F. Supp. 866, 871 (D. Minn. 1997).  Plaintiffs' claims under the Minnesota constitution therefore must be dismissed.  The Court grants the motions of the school defendants, the Cook County defendants, and Thostenson on the claims arising under the Minnesota constitution.

### J.        Excessive Force Claim Against Thostenson

Colleen Riehm alleges that Thostenson violated her rights under the Fourth Amendment by subjecting her to excessive force.  Thostenson attests that he had no physical contact with her, but for the purpose of the motion, the Court must assume that Thostenson shoved her to the ground without provocation, as alleged.

"Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment."  *Graham v. Connor*, 490 U.S. 386, 396 (1989).  The lack, or minor degree, of any injury is relevant in determining the reasonableness of the force used.  *See Andrews v. Fuoss*, 417 F.3d 813, 818 (8th Cir. 2005).  Colleen Riehm provides no medical records or expert testimony linking an injury to the use of force by Thostenson.  Colleen Riehm relies entirely on her own affidavit stating that her doctor attributed her heart attack on March 5, 2005 "to the fall at work

and the incident with David." (Colleen Riehm Aff. ¶ 33.) She also states that she made an appointment with a spine specialist that "is connected to the shove and fall." (*Id.* ¶ 34.) These unsupported assertions are insufficient to connect the alleged injuries to the actions of Thostenson, and are therefore insufficient to support a finding of a constitutional violation. *See Foster v. Metro. Airports Comm'n*, 914 F.2d 1076, 1082 (8th Cir. 1990) (holding that unsubstantiated allegations of nerve damage from tight handcuffs are insufficient to survive summary judgment on an excessive force claim). The Court must grant Thostenson's motion for summary judgment on the excessive force claim.

### K.      Battery And Negligence Claims Against Thostenson

Colleen Riehm claims that Thostenson's alleged contact with her constituted actionable battery or "negligently inflicted offensive physical contact." (Am. Compl. ¶ 233.) Official immunity protects a discretionary act of an officer when the conduct was objectively reasonable, taken with subjective good faith, or when the right alleged was not clearly established. *Gleason v. Metro. Council Transit Operations*, 563 N.W.2d 309, 318 (Minn. Ct. App. 1997). In responding to Zallar's request for assistance and walking past Colleen Riehm in the hallway, Thostenson was performing a discretionary act within the scope of his official duties. The shove alleged by Colleen Riehm is relatively minor contact, and it is not clearly established that she had a right to be free of such contact. *Cf. Crumley v. City of St. Paul*, 324 F.3d 1003, 1005 (8th Cir. 2003) (affirming summary judgment for defendant when officer struck or pushed plaintiff approximately five times before handcuffing plaintiff, who suffered no physical injury). As such, the Court

concludes that Thostenson is entitled to official immunity.  The Court therefore grants Thostenson's motion as to the battery and negligence claims.

## IV.    CONCLUSION

Plaintiffs have not shown that defendants responded unreasonably to the essay written by David Riehm, or the events that followed.  In sum, the Court grants the motions filed by defendants, and denies Colleen Riehm's motions for partial summary judgment.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      The school defendants' motion to dismiss and for summary judgment [Docket No. 47] is **GRANTED**;

2.      The Cook County defendants' motion to dismiss [Docket No. 51] is **GRANTED**;

3.      Plaintiffs' motion for partial summary judgment as to liability against Cook County and Anne DeBevec [Docket No. 79] is **DENIED**;

4.      The school defendants' motion to dismiss the amended complaint [Docket No. 92] is **GRANTED**;

5.      Christopher Thostenson's motion to dismiss or in the alternative, for summary judgment [Docket No. 96] is **GRANTED**;

6.   The school defendants' amended motion to dismiss the amended complaint [Docket No. 102] is **GRANTED**;

7.   Colleen Riehm's motion for partial summary judgment [Docket No. 105] is **DENIED**;

8.   The Cook County defendants' motion to dismiss the amended complaint [Docket No. 112] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:    January 4, 2007                        s/ John R. Tunheim
at Minneapolis, Minnesota.                       JOHN R. TUNHEIM
                                         United States District Judge